# United States District Court

**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**Jeff Eugene Berry** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:09-cr-5 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 29 years old, unemployed and has no assets. He has a criminal history covering his entire adult life, which is particularly notable for his violations while on probation. After he was convicted of various drug violations in 2004-2005 resulting from his transporting cocaine and marijuana from Phoenix, AZ, to Grand Rapids, he was placed on a tether. While on tether, he violated the terms of his probation by testing positive for marijuana on two occasions. He was then arrested in January 2006 for possessing 9 rocks of crack cocaine (he admitted he had been selling crack cocaine) and marijuana. Notwithstanding these violations, the state court put the defendant back on tether  (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from the continuing drug use and dealing of the defendant.  This is based on the unrebutted presumption to this effect, and alternatively on the government's showing that despite being placed in the community repeatedly, he has routinely violated the trust placed in him.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: January 30, 2009 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **Jeff Eugene Berry**
1:09-cr-5
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

and referred him to a drug treatment program, but he was discharged as unsuccessful. In August 2006, he was again arrested when police found baggies of crack cocaine in his vehicle, marijuana, and over $2,000 in cash on his person. At this point, the state court revoked his probation and sentenced him to jail. This latter offense occurred while defendant was both on bond (for a charge arising out of the January 13, 2006 arrest) and while on probation from the 2004-2005 conviction.

Defense counsel argues that the pending federal charges are the same charges for which defendant was placed on bond in state court three months ago and that he has not been in trouble since that time. While counsel is correct that the defendant has not been arrested during this three-month period, he has, by his own admission, been smoking two marijuana cigarettes two to three times per week during this period, last using marijuana on January 1, 2009. He has been using marijuana since the age of 22.

**Part II - Written Statement of Reasons for Detention** - (continued)