UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE No. 1:09-cr-05-2

    HON. ROBERT J. JONKER

JEFF EUGENE BERRY,

    Defendant.

_____/

## OPINION REGARDING DEFENDANT BERRY'S FIRST STEP ACT MOTION

### INTRODUCTION

Defendant Berry pleaded guilty to a Section 841(b)(1)(A) crack cocaine offense and a Section 924(c) firearm offense in March 2009. The crack cocaine offense exposed Defendant Berry to a mandatory sentence of ten years in prison. The firearm charge required a mandatory minimum five-year consecutive sentence. So, Defendant Berry's mandatory minimum sentence was fifteen years. The Court imposed that mandatory minimum term on June 15, 2009. Defendant Berry was twenty-nine years old at the time.

The matter before the Court is Defendant Berry's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 82). The Court appointed counsel to assist Defendant Berry with his First Step motion. Both sides have filed briefs. The government responds that the Court has discretion to reduce Defendant Berry's sentence, but only to the extent of the new penalty provisions in 28 U.S.C. § 841, and the current

version of Section 2D1.1 of the guidelines. (ECF No. 87). The defense argues the First Step Act goes further and opens the door to a plenary resentencing with the new mandatory minimum under Section 841 being the only limit. (ECF No. 88).

The Court finds that Defendant Berry is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The Court can and does exercise its discretion under the First Step Act to relieve Defendant Berry of the mandatory-minimum sentence originally applicable to his crack cocaine offense, and to reduce Defendant Berry's sentence as provided in this Opinion and corresponding Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Defendant Berry's Conviction and Sentence*

In October 2008, a confidential informant tipped off the Grand Rapids Police Department Vice Unit that cocaine could be purchased at the residence of Yolanda Barton. Yolanda Barton was Defendant Berry's girlfriend, and he lived with her at that residence. The police subsequently executed a search warrant and discovered cash, counterfeit currency, a loaded Springfield Armory .45 caliber semiautomatic pistol, ammunition, drugs, and drug paraphernalia. Laboratory testing on the drugs determined 118.47 grams of cocaine base, or crack cocaine, had been seized from the residence. The .45 caliber pistol was found to have been stolen. Defendant was charged in a three-count indictment on January 14, 2009. (ECF No. 1).[1]

---

[1] Ms. Barton was also charged. On March 6, 2009, under the terms of a written plea agreement, Ms. Barton pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine. She was sentenced on June 24, 2009 to 120 months imprisonment. She is presently serving a term of supervised release.

On March 5, 2009, Defendant pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine (Count 1) and to possession of a firearm in furtherance of a drug trafficking crime (Count 2). (ECF No. 31). During the plea colloquy he admitted he had placed four ounces of crack cocaine in the house he shared with Ms. Barton. (ECF No. 46, PageID.126). Under the terms of a written plea agreement, the government agreed to dismiss the third count (felon in possession) and further agreed not to file a Section 851 notice that would have subjected Defendant Berry to mandatory life imprisonment. (Plea Agreement ¶ 6(A) & (B), ECF No. 26, PageID.50).

The Final Presentence Report (PSR) prepared by the probation officer found that Defendant Berry was responsible for the 118.47 grams of crack cocaine seized from the residence, and that he was also responsible for the stolen pistol. (PSR ¶ 26). The quantity of narcotics triggered an initial base offense level of 30 for Count 1.[2] After adjusting downward for acceptance of responsibility, the total offense level was 27. (PSR ¶ 45). The officer then scored Defendant's criminal history at seven points, resulting in a criminal history category of IV. (PSR ¶ 57). The guideline range for a total offense level of 27 and criminal history category of IV was 100 to 125 months, before consideration of any mandatory statutory terms. (PSR ¶ 169).

The statutory mandatory minimum ultimately controlled Defendant Berry's sentence. Under the version of Section 841 in effect during Defendant Berry's sentencing, a violation of

---

[2] The two counts of conviction were not grouped together under the terms of U.S.S.G. § 3D1.1(b)(1). The guideline range for Count 2 was five years imprisonment, consecutive to the sentence for Count 1, under U.S.S.G. § 2K2.4. For purposes of this motion, both sides focus on Count 1, and do not suggest that any relief is available with respect to Count 2, though the defense argues the Court may take Count 2's mandatory minimum sentence into consideration when crafting an appropriate sentence for the predicate offense in Count 1. *See Dean v. United States*, 137 S. Ct. 1170, 1178 (2017). As discussed below, the First Step Act does not provide for a plenary resentencing. However, these considerations go into the mix of factors a reviewing court weighs when determining whether to exercise its discretion, and by how much, under the First Step Act.

841(a) involving 50 grams or more of crack cocaine was subject to a mandatory ten-year minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). Because over 118 grams of crack cocaine was attributable to Defendant Berry, his conviction for Count 1 required a mandatory minimum ten-year sentence. His guideline range for Count 1 thus became 120 to 125 months under U.S.S.G. § 5G1.1(c)(2). (PSR ¶ 91).

On June 15, 2009, the Court sentenced Defendant Berry to a total term of imprisonment of 180 months consisting of the mandatory minimum 120 months on Count 1 and the mandatory minimum 60-month consecutive sentence on Count 2. (ECF No. 39). During the hearing, the Court indicated the sentence was not the one the Court would have imposed absent the mandatory minimum penalties. Indeed, the Court commented that the total term was "more than enough to achieve the purposes of sentencing" and in fact was "arguably too much." (ECF No. 47, PageID.143). Defendant appealed, and in an *Anders* brief, defense counsel raised the issues of whether Defendant's plea was properly made and whether the sentence was properly imposed. The Sixth Circuit Court of Appeals affirmed the Court's Judgment. *United States v. Berry*, No. 09-1803 (6th Cir. July 28, 2011).

### 2. *The Fair Sentencing Act of 2010*

A little over a year after Defendant Berry's conviction and sentence were entered, Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50

4

grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the ten years to life sentencing range of Section 841(b)(1)(A)(iii) that Defendant Berry was convicted under, the offense must involve more than 280 grams of crack cocaine.

The changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[3] Because Defendant Berry had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

### 3. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, __ F. Supp. 3d __, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

---

[3] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Because Defendant Berry was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

5

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

### 1. Summary of the Court's Process

In an earlier Order, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, __ F. Supp. 3d __, No. 1:08-cr-65-01, 2019 WL 2135494, at *4 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at *4. As applied to that case, this determination meant

that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. That holds true here as well. Questions relating to the quantity of narcotics, such as whether a reviewing court may consider judge-found quantities, or admitted or jury found quantities, inform the Court's discretionary call at the second step. This approach is consistent with that of other reviewing courts. *See, e.g.*, *United States v. Simons*, ___ F. Supp. 3d ___, No. 07-CR-00874, 2019 WL 1760840, at *6 (E.D.N.Y. Apr. 22, 2019) (Weinstein, J.) ("Any argument that Simons is ineligible for relief on the basis that his actual conduct involved distribution of '280 grams or more of cocaine base,' triggering the § 841(b)(1)(A) penalties and a 10-year minimum term of imprisonment, is unsound."); *United States v. Smith*, ___ F. Supp. 3d ___, No. 7:04-CR-0072-4, 2019 WL 2092581, at *4 (W.D. Va. May 13, 2019) (Urbanski, C.J.) (collecting cases).

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.* at *5; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also

7

remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 2019 WL 2135494, at *5. At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 248-113, at *2.

### 2. Defendant Berry is Eligible for a Reduced Sentence.

At the first step, the Court concludes Defendant Berry is eligible for consideration of a reduced sentence under the First Step Act. Indeed, the parties do not argue otherwise.[4] Defendant Berry's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense." The categorical limitations in Section 404(c) also do not apply to Defendant Berry. His sentence was not "previously imposed or previously reduced

---

[4] The government's view of eligibility turns on quantity. Here, because Defendant Berry is responsible for approximately 118 grams of crack cocaine, a quantity that is insufficient to trigger the original penalty provisions applicable to him, the government concedes that Defendant is eligible for a reduced sentence. As stated above, the Court does not adopt this construction. The Court previously acknowledged that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), have not been applied retroactively, but it noted that the cases still carry weight in making the "as if" sentencing decision a reviewing court makes under the First Step Act. *See United States v. Boulding*, ___ F. Supp. 3d ___, No. 1:08-CR-65-01, 2019 WL 2135494, at *7 n.6 (W.D. Mich. May 16, 2019). The Court need not delve deeper into this argument for purposes of this motion, however, because all agree the quantity of narcotics attributable to Defendant, from whatever source, is insufficient to trigger the statutory penalty range applicable under Section 841(b)(1)(A).

in accordance" with the Fair Sentencing Act's amendments. And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

### 3. Scope of Relief

At the second step the Court considers the scope of relief available to Defendant and then proceeds to determine by how much, if any, it should reduce Defendant Berry's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Count 1 as it existed when Defendant Berry was originally sentenced in 2009 and the guidelines as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.[5]

| Count 1 | Original Guidelines | Current Guidelines |
|---|---|---|
| Base Offense Level<br><br>*118.47 grams of cocaine base* | Level 30 (§ 2D1.1(c)(5))<br><br>*At least 50 G but less than 150 G of Cocaine Base* | Level 26 (§ 2D1.1(c)(7))<br><br>*At least 112 G but less than 196 G of Cocaine Base* |
| Adjustments for Acceptance of Responsibility | -3 levels (§ 3E1.1(a) & (b)) | -3 levels (§ 3E1.1(a) & (b)) |
| **Total Offense Level** | Level 27 | Level 23 |
| **Criminal History** | Category IV | Category IV |
| **Guideline Range Before Consideration of Statutory Provisions** | 100 to 125 months | 70 to 87 months |
| **Guideline Range After Consideration of Statutory Provisions** | 120 to 125 months | 70 to 87 months |

---

[5] The government states that when a defendant qualifies for a reduction under the First Step Act, it will not object to further consideration under Section 3582(c)(2) of motions to reduce a sentence under the retroactive guideline amendments. From a judicial efficiency standpoint, the Court's analysis uses these amendments without requiring a separate motion. The guideline range is not a constraint, in any event.

As the above chart demonstrates, Defendant Berry's guideline range with respect to Count 1 is reduced from 120 to 125 months to 70 to 87 months. This is because, first of all, his base offense level has been reduced three levels under intervening guideline amendments. But in addition, it is because the mandatory minimum penalty in Section 841(b)(1)(A)(iii) no longer drives Defendant Berry's sentence. Previously the charged offense mandated at least ten years imprisonment. Applying the Fair Sentencing Act retroactively to the earlier convictions means that section no longer controls Defendant Berry's sentence. Rather the charged offense for Count 1 now triggers only the five-year minimum and forty year maximum in Section 841(b)(1)(B)(iii). Therefore, when looking back and considering the sentencing array "as if" the Fair Sentencing Act thresholds were in effect, Defendant Berry's Count 1 conviction must be limited to the penalty ranges of Section 841(b)(1)(B)(iii) (five years to forty years).[6]

After its review of the record, including Defendant Berry's post-sentencing behavior, the Court elects to exercise its discretion to reduce Defendant Berry's sentence. In evaluating the extent of the reduction, the Court considers the guideline analysis as well as the factors set forth

---

[6] The defense argues for a further reduction to account for non-drug guideline amendments, namely the defense argues the Court should apply Guideline Amendment 742. In that amendment the Sentencing Commission "struck the provision of the former subsection (e) of U.S.S.G. § 4A1.1, which had provided: Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b). . . ." U.S.S.G. § 4A1.1(e) (2009 ed.)." *United States v. Bonds*, 839 F.3d 524, 528 (6th Cir. 2016). If the amendment applied to Defendant Berry, he would score only five criminal history points, corresponding with a criminal history category of III and guideline range on Count 1 of 57 to 71 months. The amendment, however, was not retroactive. *Id.* And the Sixth Circuit Court of Appeals has concluded that district courts lack the authority to bootstrap non-retroactive amendments to retroactive amendments (such as Amendment 782) when considering whether to reduce a sentence under Section 3582(c)(2). *Id.* That said, as previously stated, this proceeding is different than other proceedings with retroactive relief; and while this is not a plenary resentencing, the artificial limits do not constrain the Court's discretion as they once did. Accordingly, all this goes into the discretionary call a Court makes at the second step.

in § 3553(a). The Court is satisfied the amended guideline range of 70 to 87 months on Count 1, while reflecting the intervening drug guideline amendments and incorporating the relief that the First Step Act provides, is still more than enough to achieve the purposes of sentencing. The Court therefore determines to vary downward from the amended guideline range and to reduce Defendant Berry's sentence to 120 months imprisonment, consisting of 60 months on Count 1 and 60 months on Count 2, consecutive to Count 1; but not less than time served. All other terms of the original sentence remain unchanged.

This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. With respect to his post-sentencing behavior, the probation officer has provided a report from the Bureau of Prisons reflecting minimal disciplinary infractions and several completed educational programs. The First Step Act now permits the Court to impose a reduced sentence that, in the Court's mind, is the more consistent outcome after a consideration of all the 3553 factors.

## CONCLUSION

Defendant Berry's pro se motion for modification or reduction of sentence under the First Step Act (ECF No. 82) is granted to the extent detailed in this Opinion, and his term of imprisonment reduced to a total term of 120 months imprisonment, consisting of 60 months on Count 1 and 60 months on Count 2, consecutive to Count 1; but not less than time served. *See United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019) (declining, under First Step Act, to reduce a sentence to less than time served because the need to protect the public and for deterrence directs that a defendant not be allowed to "bank time."). All other terms of the original sentence remain unchanged.

In its brief, the government requests that if the Court orders a reduction in sentence resulting in Defendant's immediate or imminent release from custody that the Court delay Defendant's release for ten-calendar days in order to permit the Bureau of Prisons to complete certain administrative requirements. That appearing to be the case here, and for good cause shown, this Opinion, and accompanying Order, will take effect ten (10) days from the date of this Opinion and Order.

A separate Order consistent with this Opinion shall issue.


Dated:   June 19, 2019         /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               CHIEF UNITED STATES DISTRICT JUDGE